UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>– against –<br><br>ASAD NAZIR,<br><br>        Defendant. | **Statement of Reasons Pursuant to 18 U.S.C. § 3553(2)**<br><br>16-CR-092-03 |
| UNITED STATES OF AMERICA<br><br>– against –<br><br>TAHIRA NAZIR,<br><br>        Defendant. | 16-CR-092-04 |

**JACK B. WEINSTEIN, Senior United States District Judge:**

| Parties | Appearances |
|---|---|
| The United States of America | Girish Srinivasan<br>United States Attorney's Office<br>271 Cadman Plaza East<br>Brooklyn, NY 11201 |
| Asad Nazir and Tahira Nazir | Douglas Rankin<br>26 Court Street<br>Suite 714<br>Brooklyn, NY 11242 |

Table of Contents

I. Introduction ................................................................................................................. 2
II. Facts ........................................................................................................................... 3
   A. Instant Offense ..................................................................................................... 3
   B. Guilty Plea ............................................................................................................ 3
   C. Sentencing Hearing ............................................................................................... 4
III. Offense Level, Category and Sentencing Guidelines Range ..................................... 4
   A. Asad Nazir ............................................................................................................ 4
   B. Tahira Nazir .......................................................................................................... 5
IV. Law ........................................................................................................................... 5
V. 18 U.S.C. § 3553(a) Considerations ........................................................................... 5
   A. Asad Nazir ............................................................................................................ 6
   B. Tahira Nazir .......................................................................................................... 6
VI. Sentencing ................................................................................................................. 7
   A. Asad Nazir ............................................................................................................ 7
   B. Tahira Nazir .......................................................................................................... 7
VII. Conclusion ............................................................................................................... 8

I. **Introduction**

Codefendants Asad and Tahira Nazir are married. Defendant Asad Nazir is a 63-year old citizen of the United States with no previous criminal record. Asad Nazir Pre-Sentence Investigation Report ("Asad PSR") at 2. Defendant Tahira Nazir is a permanent resident of the U.S. resident with no previous criminal record. Tahira Nazir Pre-Sentence Investigation Report ("Tahira PSR") at ¶ 73. On October 27, 2016, both defendants pled guilty to one count of conspiracy to possess, use, and effect transactions with unauthorized access devices—specifically credit cards, debit cards, and bank account numbers—in violation of 18 U.S.C. § 1029(b)(2). Asad PSR at ¶ 1; Tahira PSR at ¶ 1.

## II. Facts

### A. Instant Offense

Over the course of several years, defendants, along with their co-conspirators, participated in a scheme to steal millions of dollars from financial institutions by opening bank accounts and lines of credit using fabricated identities—fake names attached to made-up personal identifiers such as birthdates, addresses, and social security numbers. Asad PSR at ¶¶ 9-12. These accounts were used for "credit card bust-outs" at cooperating merchants for fraudulent charges on a credit card with no intention of repaying the debt. *Id.* Many of the companies used in the scheme were owned and operated by defendants and had no business purpose. *Id* at ¶ 26. It is estimated that the crime resulted in a real loss of $2 million. Asad PSR at ¶ 39; Tahira PSR at ¶ 39.

Defendant Asad Nazir spent time in Pakistan between 2008 and 2015, during the course of the conspiracy, but he was aware of the ongoing fraudulent transactions being made through his shell companies. Asad PSR at ¶ 39.

Defendant Tahira Nazir was an integral part of conspiracy; she was aware that the credit cards being used to make transactions at her companies were fraudulent. Tahira PSR at ¶ 39. She made daily withdrawals and bank/credit card transactions using the fraudulent accounts. *Id.*

### B. Guilty Plea

Both defendants pled guilty to count one of a seven-count indictment, charging each with "conspir[ing] to possess, use, and effect transactions with 15 or more unauthorized access devices" in violation of 18 U.S.C. §§ 1029(a)(2) and 1029(b)(2). Asad PSR at ¶ 1; Tahira PSR at ¶ 1.

### C. Sentencing Hearing

A sentencing hearing was held on May 29, 2018 for both defendants. The proceedings were videotaped. *In Re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) ("The sentencing hearing normally requires that the defendant be observed for credibility, mental astuteness, physical characteristics, ability to withstand the rigors and dangers of incarceration, and a myriad other relevant factors. In many instances, it is necessary to observe the employer's and familial ties to the defendant. A judge applies mental impressions of many tangible and intangible factors when imposing a sentence."). The open counts of the indictment were dismissed.

## III. Offense Level, Category and Sentencing Guidelines Range

### A. Asad Nazir

The base offense level is 6. Asad PSR at ¶ 47; United States Sentencing Guidelines ("U.S.S.G.") § 2B1.1(a)(2). Sixteen levels were added because the offense caused a loss of over $2 million, and two levels were added because defendant derived more than $1 million in gross receipts from financial institutions. Asad PSR at ¶¶ 48, 51, U.S.S.G. § 2B1.1(b)(1)(I), 2B1.1(b)(16)(A). Two levels were added because the offense involved more than 10 victims, and two levels were added because the scheme involved sophisticated means. Asad PSR at ¶ 49, 50, U.S.S.G. § 2B1.1(b)(2)(A)(i), 2B1.1(b)(10)(C). His offense level was decreased by three levels for accepting responsibility and notifying the government in a timely manner of his intention to plead guilty. Asad PSR at ¶¶ 57, 58.

The total adjusted offense level is 25. Asad PSR at ¶ 59. Defendant has a criminal history score of zero, which establishes a criminal history category of I. *See* U.S.S.G. Ch. 5 Pt. A.; Asad PSR at ¶ 62. The guidelines imprisonment range would be 57 to 71 months; there is a maximum statutory sentence of 60 months, so the restricted guideline range is 57 to 60 months. *Id.* at ¶ 104; U.S.S.G. § 5G1.1(c)(1).

One to three years of supervised release are recommended by the Guidelines. Asad PSR at ¶ 106; U.S.S.G. § 5D1.2(a)(2).

### B. Tahira Nazir

The total adjusted offense level for defendant Tahira Nazir is 27. Tahira PSR at ¶ 59. The adjusted offense level is based on the same calculation as that for defendant Asad Nazir, with an additional two levels added because the defendant derived more than $1 million in gross receipts. *Id.* at ¶ 51; U.S.S.G. 2B1.1(b)(16)(A).

The guideline imprisonment range would be 70 to 87 months; there is a maximum statutory sentence of 60 months, which replaces the guideline range. *Id.* at ¶ 91; U.S.S.G. § 5G1.1(c)(1). One to three years of supervised release are recommended by the Guidelines. Tahira PSR at ¶ 93; U.S.S.G. § 5D1.2(a)(2).

## IV. Law

In *United States v. Booker,* the Supreme Court held that guidelines are advisory; a sentencing court may depart from the Guidelines in the interests of justice in light of the statutory concerns express in section 3553(a). *United States v. Booker*, 543 U.S. 220, 245-46 (2005); *see also United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) ("It is now, however, emphatically clear that the Guidelines are guidelines – that is, they are truly advisory. A district court may not presume that a Guidelines sentence is reasonable; it must instead conduct its own independent review of the sentencing factors, aided by the arguments of the prosecution and defense."

A district court shall state its reasons for "imposition of the particular sentence." *U.S. v. Booker*, 543 U.S. 220 (2005).

## V. 18 U.S.C. § 3553(a) Considerations

5

The court considers the "nature of the offense," and the "characteristics of the defendant."

### A. Asad Nazir

Asad Nazir was born in Pakistan in 1953. Asad Nazir PSR at ¶ 67. In 1994, he came to the United States on a 6-month visa as part of a traveling musical group. *Id.* at ¶ 71-72. In 2006, he because a naturalized United States Citizen and settled in Queens. *Id.* at ¶ 72. He married co-defendant Tahira Nazir in 2009. *Id.* at ¶ 73.

Asad has a bachelors degree from Ialami College in Pakistan. *Id.* at ¶ 82. He hosts a weekly television program, is a well-known actor in Pakistan, and continues to perform in a variety of music shows. *Id.* at ¶ 85; Sent. Hr'g, 15:21-23.

Asad has had health problems since 2007, including diabetes, high blood pressure, high cholesterol, and a bone spur. *Id.* at ¶ 77-78. He takes medication and attends physical therapy for these conditions. *Id.*

### B. Tahira Nazir

Tahira Nazir was born in 1960 in Pakistan, one of six children. Tahira PSR at ¶¶ 67-68. From 1980 to 2005, she was married to Muhammad Ashraf and they have three children. *Id.* at ¶ 70. Tahira's youngest daughter, who is 24-years old, lives with her in Queens and works as a medical assistant. *Id.* In 1999, Tahira moved to the United States in search of better economic opportunities. *Id.* at ¶ 73. In 2010, she married co-defendant Asad Nazir; they have no children together. *Id.* at ¶ 71.

Tahira has a bachelor's degree from Punjab University in Pakistan. *Id.* at ¶ 80. She is currently unemployed and relies on her husband and daughter for financial support. *Id.* at ¶ 83.

Tahira is a breast cancer survivor. *Id.* at ¶ 76. In 2010, she underwent a lumpectomy and is tested every three months to ensure she remains cancer free. *Id.*; Sent. Hr'g, 25: 6-8. She also suffers from hyperthyroidism and back pain and takes medication for the conditions. Tahira PSR at ¶ 76.

## VI. Sentencing

### A. Asad Nazir

Asad Nazir is sentenced to an incarceration term of twelve months and a day. His surrender date is August 1, 2018. Sent. Hr'g, 18:02. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). He is ordered to forfeit $500,000. Asad PSR at ¶ 116.

He is sentenced to three years of supervised release. During supervised release, in addition to the usual conditions, Asad Nazir must give probation full financial disclosure and is prohibited from opening new accounts or new credit lines. Sent. Hr'g, 16:23-24.

Incarceration is required because schemes of this nature threaten the entire credit system and cause people to lose faith in financial institutions. Sent. Hr'g, 10:16-22. Our consumer economy depends on financial structure. *Id.* General and specific deterrence are achieved by the sentence.

### B. Tahira Nazir

Tahira Nazir is sentenced to six months incarceration. Her surrender date is September 1, 2018. Sent. Hr'g, 36:01. A $100 special assessment is imposed. 18 U.S.C. § 3013(a)(2)(A). She is ordered to forfeit $2 million. Tahira PSR at ¶ 103.

She is sentenced to three years of supervised release. She must give probation full financial disclosures, is prohibited from opening new credit accounts, and must follow the directions of immigration authorities. Sent. Hr'g, 29:24-30:2. Because of her declining health and the likelihood of deportation, a lesser sentence is appropriate.

7

A longer custodial sentence would be overly burdensome on defendant. This court has attempted to craft consistent sentences by establishing general criteria for "similar" cases. With respect to cases in which the defendant is a noncitizen facing deportation following incarceration, this court has determined that, "[c]onsidering the grave hardships deportation entails, the nation's present deportation policy, and the core purposes of criminal sentencing, *see* 18 U.S.C. § 3553, imposition of minimal prison time, with prompt deportation should be normal in such cases—subject to variations for individual circumstances." *United States v. Chin Chong*, No. 13-CR-570, 2014 WL 4773978, at *1 (E.D.N.Y. Sept. 24, 2014); *see also United States v. Sarpong*, No. 14-CR-242, 2014 WL 5363775, at *2 (E.D.N.Y. Oct. 21, 2014) (accounting for prospect of deportation when imposing a term of incarceration); *United States v. Palaguachy*, No. 14-CR-0184, 2014 WL 6606668, at *2 (E.D.N.Y. Nov. 19, 2014) (same); *United States v. Florez Parra*, No. 14-CR-332, 2015 WL 105885, at *2 (E.D.N.Y. Jan. 7, 2015) (same); *United States v. Palhua*, No. 15-CR-536, 2016 WL 1222257, at *3 (E.D.N.Y. Mar. 24, 2016) (finding that "the most appropriate action . . . is to sentence [defendant] to time served so that he can be deported immediately").

## VII. Conclusion

All relevant issues under the guidelines have been considered; with special attention given to factors listed under 18 U.S.C. 3553(a) to ensure a sufficient, but "not greater than necessary" sentence.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: June 20, 2018
Brooklyn, New York